UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CINDY TYREE, an individual residing in the State of South Carolina,<br><br>Plaintiff,<br><br>v.<br><br>KIRK A. MELTON, an individual residing in the State of Idaho; RANDSLAW, PLLC, an Idaho professional limited liability company; J. JUSTIN MAY, an individual residing in the State of Idaho; JOHNSON MAY, PLLC, an Idaho professional liability company,<br><br>Defendants. | Case No. 1:24-cv-00231-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. 21). Defendants seek to dismiss the second and third causes of actions. For the reasons described below, the Court will grant the Motion.

## BACKGROUND

The Court reviewed the factual allegations at length in a recent order, *see*

MEMORANDUM DECISION AND ORDER - 1

Dkt. 19, and will refrain from repeating them here. In short, Plaintiff Cindy Tyree brought this suit against her former counsel, who represented her in a dispute involving her ownership interest in a family business known as NWF. Tyree initially brought claims for professional negligence, breach of contract, fraudulent concealment, and declaratory relief. Defendants moved to dismiss all causes of action except professional negligence. The Court granted that motion in November 2024 but gave Tyree leave to amend. Tyree filed her Amended Complaint several weeks later, which attempts cure the deficiencies in the breach of contract and fraudulent concealment claims. Defendants again move to dismiss those claims.

## LEGAL STANDARD

To survive dismissal under Federal Rule of Civil Procedure 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Though a complaint "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Twombly*, 550 U.S. at 570. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short

MEMORANDUM DECISION AND ORDER - 2

of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. at 557. When assessing the plausibility of a plaintiff's claim, a court must accept as true all factual allegations in the complaint and construe them in the light most favorable to the plaintiff. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

## ANALYSIS

1. **Breach of Contract**

As the Court previously explained, an attorney's alleged malpractice can give rise to a breach of contract claim only in very limited circumstances. Legal malpractice claims in Idaho sound primarily in tort law. This means that a complaint that an attorney has performed incompetently must be brought as an action for professional negligence. *Bishop v. Owens*, 272 P.3d 1247, 1251-52 (Idaho 2012). In contrast, an action for breach of contract exists when an attorney agrees to fulfill a discrete obligation directly specified in the contract—for instance, drawing up a deal for a real estate transaction—and fails to perform the task. *Id.* at 1251. In other words, professional negligence considers *how* an attorney performed, while breach of contract is about *whether* an attorney fulfilled a concrete responsibility.

Tyree again fails to assert a breach contract claim. The Amended Complaint, like the original, hinges on Defendants' failure to "provide competent representation." Sec. Am. Compl. ¶¶ 60-62, Dkt. 20. Tyree's allegations here are

now somewhat more specific, but none of them reach beyond the question of counsel's competency. Although the agreement "expressly obligated Defendants Melton and Randslaw to provide diligent representation," *id.* ¶ 55, a dispute about counsel's diligence is precisely what, in Idaho, must be brought as a claim for professional negligence. *See Bishop*, 272 P.3d at 1272. State law controls the matter, and the Idaho Supreme Court has been explicit in this regard. Despite Tyree's insistence that she has a plausible breach of contract claim, "[a] person cannot change a tort action into a contract action simply by labeling it as such." *Id.*

2. **Fraudulent Concealment**

Tyree has also failed to cure the deficiencies of her fraudulent concealment claim. A claim of fraudulent nondisclosure requires the plaintiff to allege that (1) there was a nondisclosure; (2) the plaintiff relied on the nondisclosure; (3) the reliance was material to the transaction; and (4) the plaintiff suffered harm as a result. *Inv. Recovery Fund, LLC v. Hopkins*, 467 P.3d 406, 412 (Idaho 2020).

Beyond the usual pleading standards, which require only a plausible claim for relief, a plaintiff alleging fraud "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). This requires "the who, what, when, where, and how that would suggest fraud, rather than a business mistake viewed with the benefit of hindsight." *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997). The purpose is to ensure that defendants have "notice of the particular

MEMORANDUM DECISION AND ORDER - 4

misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001). Thus, "a plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false. *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541 (9th Cir. 1994).

The Amended Complaint adds some color to the allegations, but it still fails to provide the level of detail mandated by Rule 9(b). The claim centers on Defendants' failure to disclose (1) a business valuation of NWF, (2) research related to the settlement, and (3) a report prepared by a real estate broker. *Pl.'s Opp'n* at 8, Dkt. 23; *see Sec. Am. Compl.* ¶ 19, Dkt. 20. First, the business valuation concealment is pled with the most specificity. There, however, Tyree admits that Defendants provided her with the contact information for the valuation firm, and the firm provided her with a copy of the valuation in advance of the mediation. *Sec. Am. Compl.* ¶ 19(e), Dkt. 20. In other words, Defendants told Tyree that the valuation existed; they told her how to get it; and she did in fact obtain the information. This was inconsiderate, perhaps, but does not constitute fraudulent concealment. Second, the contents of the undisclosed settlement research is not explained in any detail, as Tyree provides only an "example" of an operating agreement that Defendant Melton did in fact disclose. *Id.* ¶ 19(j). Third,

MEMORANDUM DECISION AND ORDER - 5

as far as the real estate report, Tyree does not allege that she relied on it—presumably because she only recently discovered it—thus failing to plead the second element of a fraudulent concealment claim. *See id.* ¶ 19(k).

Tyree urges this Court to avoid "the dangerous realm of pre-litigating claims." *Pl.'s Opp'n* at 9, Dkt. 23. But this "pre-litigation" is merely the Court's obligation to enforce the requirements of Rule 9(b) as interpreted by the Ninth Circuit. Tyree's complaint boils down to the contention that her one-time attorneys performed abysmally. She clearly has a viable professional negligence action, and Defendants do not dispute this. In the remaining areas of the Amended Complaint, she has failed to state a claim.

## ORDER

**IT IS ORDERED that:**

1. Defendant's Motion to Dismiss Second Amended Complaint (Dkt. 21) is **GRANTED**.



DATED: February 19, 2025

B. Lynn Winmill
U.S. District Court Judge