UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CINDY TYREE, an individual residing in the State of South Carolina, | Case No. 1:24-cv-00231-BLW |
|     Plaintiffs, | **MEMORANDUM DECISION AND ORDER** |
|      v. | |
| KIRK A. MELTON, an individual residing in the State of Idaho; RANDSLAW, PLLC, and Idaho professional limited liability company; J. JUSTIN MAY, an individual residing in the State of Idaho; JOHNSON MAY, PLLC, an Idaho professional liability company, | |
|     Defendants. | |

**INTRODUCTION**

Plaintiff Cindy Tyree brought this lawsuit against Defendants, her former attorneys, regarding their representation of Tyree in a dispute about her ownership interest in three family-owned businesses—Northwest Foam Products, Inc., Ransom Properties, LLC, and Ransom Commercial Properties, LLC. These Family Businesses are not parties to this case. Before the Court is the Family Businesses' motion to quash amended non-party subpoenas. Dkt. 39. For the reasons explained below, the Court will grant this motion in part and deny it in part.

## BACKGROUND

Tyree retained Defendants Kirk Melton and Randslaw, PLLC in 2019, and they filed a lawsuit in 2020 against the Family Businesses in Idaho State Court. *See Tyree v. Northwest Foam Products, Inc., et al.*, Fifth Judicial District, Case No. CV42-20-1302. In 2021, Tyree also retained Defendants J. Justin May and Johnson May, PLLC to assist with the case. Tyree and the Family Businesses settled the case in 2023. Later that year, the Family Businesses sued Tyree in Idaho State Court for breach of settlement. *Northwest Foam Products, Inc. et al. v. Tyree*, Fifth Judicial District, Case No. CV42-23-4559.

Tyree then filed this case against her Former Attorneys for professional negligence.[1] As part of her case, she subpoenaed the Family Businesses for records. The Family Businesses, in turn, moved to quash the subpoenas. Tyree then moved to continue certain case management deadlines pending her receipt of the subpoenaed documents.

## LEGAL STANDARD

Under the Federal Rules of Civil Produce, a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense

---

[1] Tyree brought several additional claims against her Former Attorneys here, but the Court dismissed each of them except for her professional negligence action. Dkts. 19, 28.

and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The party seeking the records must show that the information sought is relevant and material. *Rocky Mountain Med. Mgmt., LLC v. LHP Hosp. Group, Inc.*, 2013 WL 6446704, at *2 (D. Idaho Dec. 9, 2013). A party may use subpoenas to command non-parties to produce discoverable evidence in their possession, but the party "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(a)(1)(A)(iii), (d)(1). In addition, a non-party subject to a subpoena for documents "deserve[s] extra protection from the courts." *High Tech Medical Instrumentation v. New Image Indus.,* 161 F.R.D. 86, 88 (N.D. Cal. 1995) (citing *United States v. Columbia Broadcasting System,* 666 F.2d 364, 371-72 (9th Cir.1982)).

Upon motion by the subpoenaed entity, a court must quash or modify a subpoena seeking material that falls outside the contours of Rules 26 and 45, such as by imposing an undue burden. Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv). In determining whether a subpoena poses an undue burden, courts "weigh the burden to the subpoenaed party against the value of the information to the serving party." *Soto v. Castlerock Farming & Transp., Inc.*, 282 F.R.D. 492, 504 (E.D. Cal. 2012). Generally, this requires consideration of "relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the

**MEMORANDUM DECISION AND ORDER - 3**

particularity with which the documents are described and the burden imposed." *Id.* (quoting *United States v. IBM,* 83 F.R.D. 97, 104 (S.D.N.Y. 1979)).

The burden is on the moving party to show that the subpoena should be quashed. *Travelers Indem. Co. v. Metropolitan Life Ins. Co.,* 228 F.R.D. 111, 113 (D. Conn. 2005). But the court has "ample discretion" to quash or modify a subpoena that causes an undue burden upon the non-party. *Exxon Shipping Co. v. U.S. Dep't of Interior,* 34 F.3d 774, 779 (9th Cir. 1994).

## ANALYSIS

The Family Businesses argue that the subpoenas pose an undue burden on them and should be quashed. The Court agrees that the subpoenas, as written, pose an undue burden. But if Tyree further amends them consistent with this decision, that burden would be reduced and the documents responsive to those amended subpoenas would be discoverable.

As an initial matter, the documents Tyree seeks are relevant to this case. *See Soto*, 282 F.R.D. at 504 (noting "relevance" as the first consideration in determining if a non-party subpoena poses an undue burden). Relevance is a broad concept that covers evidence with "any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401. Tyree argues that the documents she

seeks are necessary for her to "determine the full scope of the information that should have been obtained by [the Former Attorneys]," including the information that was obtained and was not obtained by the Former Attorneys around the time of the settlement. *Tyree Opp.* at 8, Dkt. 40 at 9. Taking Tyree's assertion at face value, it seems she should request the documents in question from the Former Attorneys, rather than the Non-Parties. Fed. R. Civ. P. 26(b)(2)(C)(i) (limiting discovery where documents sought "can be obtained from some other source that is more convenient, less burdensome, or less expensive").

But in her Sur-Reply, Tyree asserts that the documents she seeks are necessary for establishing that her Former Attorneys breached their standard of care in her state court proceedings and for assessing the damages she may request because of that alleged breach. *See Tyree Sur-Reply* at 3, Dkt. 50-2 at 4. To support this reasoning, Tyree relies on the declarations of two experts: Alexander Kunz and Stephen Barnes. *See Tyree Sur-Reply* at 3-4, Dkt. 50-2 at 4-5; *see also Kunz Decl.*, Dkt. 49-4; *Barnes Decl.*, Dkt. 49-5.

Tyree retained Kunz as a business expert for this case. *Kunz Decl.* at 2, Dkt. 49-4 at 2. He intends to "evaluate the business and economic aspects of Defendants representation of Plaintiff" regarding her dealings with the Family Businesses. *Kunz Decl.* at 2, Dkt. 49-4 at 2. In so doing, Kunz plans to comment on "the

**MEMORANDUM DECISION AND ORDER - 5**

business standards and practices typically expected in a dissolution proceeding of this nature, particularly with respect to information gathering, valuation inputs, and economic decision making." *Kunz Decl.* at 2, Dkt. 49-4 at 2. To carry out this work, Kunz states that he needs to review "core business and governance records" from the Family Businesses. *Kunz Decl.* at 2-3, Dkt. 49-4 at 2-3. These include financial statements, ledgers, bank statements, distribution records, records of transactions, valuation materials, property financials, and governance documents, amongst other items. *Kunz Decl.* at 3-4, Dkt. 49-4 at 3-4.

Kunz then notes that he requires such records dating back to at least 2013. *Kunz Decl.* at 4, Dkt. 49-4 at 4. He justifies this request because Tyree's Former Attorneys started representing her before the underlying settlement was reached in 2023, and because valuation of the Family Businesses requires historical financial information. *Kunz Decl.* at 4, Dkt. 49-4 at 4. In sum, he states that "[t]he missing documents go directly to the central business issues in this case, including diligence, valuation, governance, distributions, and economic harm." *Kunz Decl.* at 5, Dkt. 49-4 at 5.

Tyree also hired Stephen Barnes, an accountant, as an expert to conduct a forensic financial analysis and valuation of the Family Businesses "to provide a benchmark of correct valuation." *Barnes Decl.* at 2-3, Dkt. 49-5 at 2-3. Barnes lists

numerous categories of documents that he requires to conduct his analysis from each of the Family Businesses, such as copies of QuickBooks data files, ledgers, income tax returns, a list of payees for checks, corporate governance documents, financial statements, bank account statements, explanations for bank transfers, settlement agreements, calculation of distribution payments, lists of "key" employees and their compensation, a general history of the companies, and prior valuations of those companies, amongst other documents. *Barnes Decl.* at 4-5, Dkt. 49-5 at 4-5.

He also requests documents dating back to 2013, which he claims will allow him to conduct a "trend analysis" of the Family Businesses. *Barnes Decl.* at 5, Dkt. 49-5 at 5. He adds that in 2020 when Tyree's state-court action against the Family Businesses began, documents dating back to 2013 would have been under potential audit and would have fallen within the seven-year document retention period. *Barnes Decl.* at 5, Dkt. 49-5 at 5.

Because Tyree has explained through Kunz and Barnes that the documents these experts identified are necessary for assessing the Former Attorneys professional performance and for calculating potential damages, those documents are relevant to this case. On the other hand, documents not identified by Kunz or Barnes are apparently unnecessary according to Tyree and her experts for either

assessing professional negligence liability or damages. Thus, the only relevant documents Tyree seeks though her subpoenas of the Family Businesses are those mentioned by Kunz or Barnes.

That said, Tyree does not need to obtain every relevant document through these subpoenas. *See Soto*, 282 F.R.D. at 504 (noting the need for documents as the second consideration in determining if a non-party subpoena poses an undue burden). First, if she can obtain the same information from a source other than the Family Businesses, she must do so. *See Lipsky v. Cronin*, 2024 WL 3888721, at *2 (D.S.D. Aug. 21, 2024). Second, the Family Businesses do not have to provide Tyree with documents she already has or has access to. *Landmark Am. Ins. Co. v. Gargoyle Mgmt. Inc.*, 2024 WL 5424424, at *6 (N.D. Tex. Nov. 19, 2024) (noting that a non-party "need not supply a second copy of any document [the defendant] has already received in discovery"). And the record is littered with instances of the Family Businesses providing Tyree with documents as part of the state-court action or otherwise, many of which appear to be responsive to her subpoenas. *See, e.g.*, Dkt. 41-1 at 27-30. For example, in an extensive email exchange, the Family Businesses supplied Tyree with numerous documents regarding the financial circumstances and property holdings of those businesses, documents Tyree is requesting again through the non-party subpoenas. *Compare* Dkt. 41-1 at 36

(providing Tyree with "every document we have provided to [Tyree], to date, concerning the entities and/or the properties"), *with* Dkt. 39-1 at 13-14 (requesting through subpoena "all documents that relate to each real property asset owned" by Northwest Foam). So, to the extent Tyree already has access to or has received documents covered by her subpoenas, she cannot request them from the Family Businesses.

Tyree's requests are also overbroad and lacking in particularity. *See Heilman v. Lyons,* 2010 WL 5168871, at *1 (E.D. Cal. Dec. 13, 2010) ("a motion for issuance of a subpoena duces tecum [should] be supported by . . . clear identification of the documents sought . . . ."); *Soto*, 282 F.R.D. at 504 (noting particularity of requests as another consideration in determining if a non-party subpoena poses an undue burden). For instance, she seeks "all documents" not otherwise requested "that relate to Northwest Foam's business activities, affairs, financial condition, and/or operations." Dkt. 40-3 at 119. Similarly, she requests "all documents and other tangible things that relate to all communication between Northwest Foam and Plaintiff, including (without limitation) in connection with the underlying action." Dkt. 40-3 at 119. But without further specification, such requests are overly broad and likely to produce documents, which would be "completely unrelated to any possible issue in this case." *Hendricks v. Total*

*Quality Logistics*, LLC, 275 F.R.D. 251, 255-56 (S.D. Ohio 2011); *see Kelly v. Pima Cnty. Sheriff*, 2025 WL 2586788, at *3 (D. Ariz. Aug. 28, 2025) (finding overbroad a request for "all documents and communications between Non-Parties and other named entities" without any other limitation). Thus, in addition to the restrictions noted above, Tyree must also clearly identify the documents she seeks.

Tyree also requests documents from overly broad and highly variant timeframes. She seeks tax returns for the last seven years, so from 2018 when measuring from the date the subpoenas were issued. Dkt. 40-3 at 145. For most of her other requests, Tyree seeks documents reaching back to 2013. Dkt. 40-3 at 111. Kunz and Barnes also stated that they require documents dating back to 2013, which they justified as necessary to conduct a "trend evaluation" and to value the Family Businesses based on historical financial information. *Kunz Decl.* at 4, Dkt. 49-4 at 4; *Barnes Decl.* at 5, Dkt. 49-5 at 5. For several other requests, Tyree seeks documents dating back to the time each of the Family Businesses were organized, which presumably means 1979 for Northwest Foam and 1997 or earlier for the Ransom companies. Dkt. 40-3 at 117, 119; *see Tyree Decl.*, at 1; Dkt. 40-1 at 2.

Courts have found similar and even much shorter timeframes to be overbroad. *See Soto*, 282 F.R.D. at 504 (noting the time period covered by the

request for documents as an additional consideration in determining if a non-party

subpoena poses an undue burden). For example, a ten-year period was found to be

overbroad "on its face" and to have "exceed[ed] the bounds of fair discovery."

*See Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636-38 (C.D. Cal. 2005). In two

other cases, even six-year periods were found to be too long. *See Kelly*, 2005 WL

2586788, *3; *digEcor, Inc. v. e.Digital Corp.*, 2008 WL 4335539, at *5 (D. Utah

Sept. 16, 2008). Here, Tyree's communications with the Family Businesses show

that documents from within a much shorter time frame would likely satisfy her

needs. For instance, when she demanded to inspect the Family Businesses'

financial materials in 2023, she only sought access to documents dating back seven

years, to 2016. Dkt. 40-3 at 55. And in 2024, when she requested bank statements

and bookkeeping data files from the Ransom companies, she again limited that

request to documents created within the seven previous years, since 2017. Dkt. 40-

3 at 47. Using this seven-year period as a starting point but acknowledging that

approximately nine months have passed since Tyree issued these subpoenas, the

Court finds Tyree can request documents as otherwise limited above dating back to

January 1, 2018, with the addition of the Family Businesses' organizing

documents.

Finally, the Court notes that the Family Businesses complain that Tyree's

subpoenas impose "the highest burden possible" on them because they are small, family-owned business that outsource their bookkeeping and document retention. *Motion to Quash* at 3, Dkt. 39 at 3. The Court finds, however, that if Tyree further amends her subpoenas consistent with this decision, that burden will be greatly reduced. Moreover, the Family Businesses provide no legal authority to show that their reasoning is enough to justify the Court quashing the subpoenas in their entirety. In fact, they have produced some documents responsive to Tyree's requests, *see supra* pages 8-9, which shows that even as small companies they can provide Tyree with discoverable materials.

In summary, the Court grants the motion to quash in part and denies it in part. The Court grants the motion as to Tyree's request for documents that exceed those requested by Kunz or Barnes, were created prior to 2018, are discoverable from the Former Attorneys, are accessible to Tyree, or that have otherwise not been particularly described as explained in this decision. The Court denies the motion in all other respects.

The Court also denies the Family Businesses' request for attorneys' fees and costs for having to defend against the non-party subpoenas. Because the Court determined that Tyree can seek the documents sought in those subpoenas, so long as such requests are consistent with this decision, attorneys' fees and costs are not

appropriate at this time.

## ORDER

**IT IS ORDERED** that Non-Parties' Motion to Quash Amended Subpoenas

(Dkt. 39) is **GRANTED IN PART and DENIED IN PART.** Plaintiff may seek

documents from the Non-Parties to the extent Plaintiff's requests are consistent

with this decision.

DATED: January 30, 2026

_____

B. Lynn Winmill
U.S. District Court Judge