UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| CINDY TYREE, an individual residing in the State of South Carolina, | Case No. 1:24-cv-00231-BLW |
| Plaintiffs, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| KIRK A. MELTON, an individual residing in the State of Idaho; RANDSLAW, PLLC, and Idaho professional limited liability company; J. JUSTIN MAY, an individual residing in the State of Idaho; JOHNSON MAY, PLLC, an Idaho professional limited liability company, | |
| Defendants. | |

**INTRODUCTION**

Plaintiff Cindy Tyree brought this lawsuit against Defendants, her former attorneys, regarding their representation of Tyree in a dispute about her ownership interest in three family-owned businesses—Northwest Foam Products, Inc., Ransom Properties, LLC, and Ransom Commercial Properties, LLC. These family-owned businesses are not parties to this case.

Before the Court is Tyree's motion for civil contempt and sanctions. Dkt. 60. For the reasons explained below, the Court will deny this motion.

**MEMORANDUM DECISION AND ORDER - 1**

## BACKGROUND

Tyree retained Defendants Kirk Melton and Randslaw, PLLC in 2019, who filed a lawsuit on Tyree's behalf in 2020 against the family-owned businesses in Idaho State Court. *See Tyree v. Northwest Foam Products, Inc., et al.*, Fifth Judicial District, Case No. CV42-20-1302. In 2021, Tyree also retained Defendants J. Justin May and Johnson May, PLLC to assist with the case. Tyree and the family-owned businesses settled the case in 2023. Later that year, the family-owned businesses sued Tyree in Idaho State Court for breach of settlement. *Northwest Foam Products, Inc. et al. v. Tyree*, Fifth Judicial District, Case No. CV42-23-4559.

Tyree then filed this case against her former attorneys for professional negligence.[1] As part of her case, she subpoenaed the family-owned businesses for records. They, in turn, moved to quash the subpoenas. The Court granted in part and denied in part the motion to quash. Dkt. 56. The Court ordered that Tyree could only obtain documents from the family-owned businesses that were particularly described, had been requested by Tyree's experts, were created in 2018 or later, were not discoverable from Tyree's former attorneys, and were not

---

[1] Tyree brought several additional claims against her Former Attorneys here, but the Court dismissed each of them except for her professional negligence action. Dkts. 19, 28.

otherwise accessible to Tyree. Dkt. 56 at 12. Tyree asserts that the family-owned businesses have not complied with this Court's Order on the motion to quash in that they have not produced responsive documents to Tyree's requests. Dkt. 60. She asks that the Court hold them in civil contempt, confine the family-owned business' principals, and assess $41,217.50 in compensatory sanctions. Dkt. 60.

## LEGAL STANDARD

"The party alleging civil contempt must demonstrate that the alleged contemnor violated the court's order by 'clear and convincing evidence,' not merely a preponderance of the evidence." *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993).

A district court has the inherent power to hold a party in civil contempt to enforce compliance with an order of the court. *Shillitani v. United States*, 384 U.S. 364, 370 (1966). Courts also have a "wide latitude" in determining whether a party is in contempt of its orders. *Gifford v. Heckler*, 741 F.2d 263, 266 (9th Cir. 1984). As such, it is up to the court to determine whether an entity is in contempt. *See F.T.C. v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999).

After finding a party in contempt, federal courts have "broad remedial powers to address noncompliance." *A.B. by & through Trueblood v. Washington State Dep't of Soc. & Health Servs.*, 681 F. Supp. 3d 1149, 1174 (W.D. Wash.

MEMORANDUM DECISION AND ORDER - 3

2023) (collecting cases). When the least intrusive measures fail to rectify the problems, more intrusive measures are justifiable. *Stone v. City and County of San Francisco*, 968 F.2d 850, 861 (9th Cir. 1992).

## ANALYSIS

In seeking documents from the family-owned businesses by subpoena, Tyree "must take reasonable steps to avoid imposing undue burden or expense" on those businesses. Fed. R. Civ. P. 45(a)(1)(A)(iii), (d)(1). This is all the more true because the family-owned businesses are non-parties, so they "deserve extra protection from the courts." *High Tech Medical Instrumentation v. New Image Indus.*, 161 F.R.D. 86, 88 (N.D. Cal. 1995). As the Court recently ordered, this means that Tyree must limit the documents she requests from the family-owned businesses to those identified by Tyree's experts, that were created in 2018 or later, are not discoverable from her former attorneys, are not otherwise accessible to Tyree, and have been particularly described. *See* Dkt. 56 at 12.

Tyree does not appear to have limited the documents she seeks from the family-owned businesses consistent with the Court's Order. *See* Dkt. 64-2 at 31-45. She seems to have limited her requests for documents by not seeking those already produced in the state court action between Tyree and the businesses, but that is not the extent of her obligation. *See* Dkt. 64-2 at 34. She must also limit her

**MEMORANDUM DECISION AND ORDER - 4**

requests consistent with the rest of the Court's Order. *See* Dkt. 56 at 12. This includes not requesting documents she obtained or could obtain through this or related federal litigation with her former attorneys or documents she otherwise has access to. *See* Dkt. 56 at 12. Tyree has thus failed to demonstrate her full compliance with the Court's Order on the motion to quash.

Because Tyree's compliance with that Order is necessary to trigger the family-owned businesses' obligations under it, Tyree has failed to show that they are in violation of the Order. *See* Dkt. 56 at 12; *High Tech Medical Instrumentation*, 161 F.R.D. at 88. The Court therefore denies Tyree's motion for civil contempt and sanctions. *See In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d at 695.

## ORDER

**IT IS ORDERED** that Plaintiff's motion for civil contempt and sanctions (Dkt. 60) is **DENIED.**

DATED: May 4, 2026



B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 5