UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

CINDY TYREE, an individual residing in the State of South Carolina,

Plaintiff,

v.

KIRK A. MELTON, an individual residing in the State of Idaho; RANDSLAW, PLLC, an Idaho professional limited liability company; J. JUSTIN MAY, an individual residing in the State of Idaho; and JOHNSON MAY, PLLC, an Idaho professional limited liability company,

Defendants.

Case No. 1:24-cv-00231-BLW

**ORDER RE: OCTOBER 29, 2026 HEARING**

Counsel for Plaintiff, Cindy Tyree; Defendants, Kirk A. Melton, Randslaw, PLLC, J. Justin May, and Johnson May, PLLC; and the subpoenaed non-party companies, Northwest Foam Products, Inc., Ransom Properties, LLC, and Ransom Commercial Properties, LLC, are ordered to meet and confer by the end of the day on November 13, 2026. The Court has, in prior orders, limited the non-party companies' obligation under the issued subpoena, to producing those documents

(1) which Plaintiff's experts have identified as necessary to forming their opinion, (2) which Plaintiff does not have in her possession or otherwise have access to, and (3) which the non-party companies have in their possession or otherwise have access to.

To facilitate the production required by the Court's prior ruling, the Plaintiff and non-party companies will use the following process in preparing for and concluding their meet and confer session:

1. Counsel for Plaintiff will provide counsel for the non-party companies with a list of all documents which have been requested by her expert and which Plaintiff does not have in her possession or otherwise have access to.

2. Because Plaintiff's counsel has represented that they have provided counsel for the non-party companies with access to a data room in which all documents in Plaintiff's possession have been stored, such access to the data room will be continued through, at minimum, December 11, 2026. Such access will be provided so that counsel for the non-party companies can confirm that the list provided in ¶ 1 does not contain documents already in Plaintiff's possession.

3. Counsel for the non-party companies will then confirm that the non-party companies have reviewed the documents within their possession and have provided Plaintiff with a list identifying which documents requested in ¶ 1 are

within the non-party companies' possession, and which requested document are not in their possession.

4. Counsel for the non-party companies and counsel for the Plaintiffs will then agree upon a date and process for the physical delivery of the documents identified in ¶ 3, which date shall not be more than one week after the meet and confer.

5. Within two weeks after the meet and confer and one week after the delivery of documents provided for in ¶ 4, counsel for Plaintiff and counsel for the non-party companies will file a declaration that they have fully complied with this order in conducting their meet and confer and have done so in good faith and consistent with their obligations under Fed. R .Civ. P. 1 and 11.

6. Within one week after the filing of the declaration required by ¶ 5, counsel for Plaintiff and for Defendants will advise the Court of agreed-upon hearing dates for each respective pending motion, if a hearing on that motion is desired. If counsel cannot reach an agreement, they must file separate declarations stating as such and providing their scheduling preferences.

The Court shall continue the deadlines for expert discovery to December 31, 2026. This date is only intended as a temporary measure while the above-described process occurs, and the Court will address modifications to the scheduling order

substantively in its decision on Plaintiff's pending motion to vacate and reset dates (Dkt. 110). Further, as stated by the Court during the hearing, this continuance does not preclude arguments made by Defendants in any currently pending motions that are based on the Plaintiff's lack of expert witness disclosure.

**IT IS SO ORDERED.**

DATED: October 30, 2026

B. Lynn Winmill
U.S. District Court Judge